PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN LÓPEZ, Defendant and Appellant.

No. 3789. Argued April 4, 1929.—Decided June 20, 1929.

*G. S. Pierluissi* and *R. Atiles Moreu* for the appellant. *José E. Figueras* for the appellee.

JUDGMENT

By the court at the proposal of Mr. Justice Wolf.

WHEREAS, in a case in which the defendant was charged with mayhem and convicted of aggravated assault and battery the question of self-defense was submitted to the jury by direct instructions of the court;

WHEREAS, the verdict of a jury under these circumstances can be changed by an appellate court only when it (contrary to the fact in this case) becomes convinced that the jury had no right to render such verdict;

WHEREAS, when the infliction of a permanent injury to the orifice of the ear has been certified to and other facts are shown it is the province of the jury to determine whether a "serious injury" within the statute has been inflicted;

WHEREAS, calling in the jury in order to give them further instructions, especially if the jury is delaying its verdict, falls within the sound discretion of the court;

WHEREAS, the general considerations in regard to the attitude to be assumed by the jury do not necessarily fall within such sound discretion of the court;

WHEREAS, the additional instructions were not excepted to in the presence of the jury, thus giving to the court an opportunity to correct them;

Whereas, the court did not abuse its discretion in stating that it did not think it could dissolve the jury;

Whereas, the court has power to allow a jury to amend a defective verdict, especially when each member of the jury is asked separately whether the verdict of the jury is his verdict;

Whereas, it is not error to say that a defendant may be convicted on the testimony of a single witness, especially if that statement is made with other instructions;

Whereas, although the jury recommended leniency, the appellant has not convinced us that the sentence of one year in jail is excessive,

Therefore, the judgment rendered by the District Court of Ponce on May 8, 1928, in this case is affirmed.